**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jay Tate, #131879, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2023-001002

———————

Appeal From The Administrative Law Court
Robert Lawrence Reibold, Administrative Law Judge

———————

Unpublished Opinion No. 2026-UP-303
Submitted June 1, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Jay Tate, pro se.

Christina Catoe Bigelow, of the South Carolina Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Jay Tate, pro se, appeals the Administrative Law Court's (ALC's) order summarily dismissing his appeal of the South Carolina Department of Corrections' (SCDC's) disciplinary action convicting him of two drug-related offenses and the resulting sanctions. On appeal, he argues the ALC erred in (1) finding his grievances did not implicate a state-created liberty or property interest because SCDC failed to follow its policies during his disciplinary proceeding and

(2) dismissing his appeal despite alleged procedural deficiencies in the disciplinary proceedings, including his inability to hear certain evidence and SCDC's failure to produce requested materials. We affirm pursuant to Rule 220(b), SCACR.

We hold Tate's issues are not preserved for appellate review. Before the ALC, Tate argued SCDC violated his "liberty interest" when it sanctioned him with the loss of good-time credits. Thus, the ALC addressed only whether the sanctions implicated a state-created liberty or property interest. However, on appeal, he does not challenge the ALC's findings regarding good-time credits and instead raises arguments concerning procedural deficiencies in the disciplinary proceedings. Accordingly, Tate's issues are not preserved for appellate review. *See Brown v. S.C. Dep't of Health & Env't Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (stating that issues not raised to and ruled on by the ALC are unpreserved for appellate review); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.